IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORDAN McCONNELL,<br><br>Defendant. | Case No. CR08-0078<br><br>ORDER FOR PRETRIAL DETENTION |

On the 2nd day of December, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, David Nadler.

## RELEVANT FACTS

On November 19, 2008, Defendant Jordan McConnell was charged by Indictment (docket number 1) with conspiracy to distribute crack cocaine (Count 1), distribution of crack cocaine (Count 2), possession with intent to distribute crack cocaine (Count 3), and possession with intent to distribute crack cocaine near a school (Count 4). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on January 26, 2009.

Special Agent Dustin Wernli of the Drug Enforcement Administration ("DEA") testified regarding the circumstances underlying the instant charges. In May 2008, law enforcement authorities learned from confidential informants that Defendant was distributing one-ounce quantities of crack cocaine in the Cedar Rapids, Iowa area. Several recorded phone calls were made to Defendant and arrangements were made to purchase crack cocaine at Cooper's Mill. Defendant arrived in a car with three other persons. The

1

cooperating individual purchased 14.6 grams of crack. While the drugs were handed over by someone other than Defendant, the cooperating individual spoke to Defendant directly to receive assurances regarding the legitimacy of the drugs.

On June 23, 2008, a Cedar Rapids police officer saw Defendant's car near a shopping mall in Cedar Rapids. After confirming that Defendant had an active warrant for his arrest, the officer called for back-up. When Defendant came out of the store and saw the officers, he took off running, but was apprehended. A search of his vehicle revealed five baggies containing 1.6 grams of crack cocaine.

On July 16, 2008, Defendant was seen in the vicinity of an arrest being executed on a third person. Defendant had been placed on house arrest following the June 23 incident and, therefore, law enforcement authorities contacted Defendant's probation officer. A search was conducted of Defendant's house and 123.8 grams of crack cocaine were found in Defendant's bedroom, together with marijuana. Also found downstairs was a loaded firearm with a round in the chamber. After being *Mirandized*, Defendant admitted that he had purchased the gun to protect his drugs and money.

According to the Pretrial Services Report, Defendant is 20 years old and unmarried. Defendant's girlfriend gave birth to a boy, however, just two days prior to the instant hearing. Defendant is not employed, although he works occasionally for his father at Kevin's Painting. Defendant told the Pretrial Services officer that he has smoked marijuana "once every few months" since he was 15 years old.

In 2005, Defendant was convicted of possession of a controlled substance, theft in the fourth degree, and burglary in the second degree. Defendant received a deferred judgment on the burglary charge and was required to reside at the Gerald Hinzman Center. After a couple of months, however, Defendant failed to return following a furlough, was found in contempt of court, and was sentenced to serve 60 days in jail. Shortly after Defendant completed his jail term, he again failed to return to the Gerald Hinzman Center following a furlough. Defendant's probation was then revoked and he was sentenced to serve five years in prison. Also in 2006, Defendant was sentenced to serve two years in

prison for possession of a controlled substance, second offense, to run concurrent with his prison term in the burglary case. Defendant was paroled on December 4, 2007. His parole was revoked on August 5, 2008 and he was discharged on September 20, 2008.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute crack cocaine, distribution of crack cocaine, possession with intent to distribute crack cocaine, and possession with intent to distribute crack cocaine near a school, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with four drug-related offenses. The weight of the evidence would appear to be substantial. The controlled purchase on May 6, 2008 was arranged with Defendant on recorded phone calls. Following a search of Defendant's residence on July 16, 2008, Defendant admitted purchasing a gun to protect his drugs and money. A large quantity of crack cocaine and

some marijuana was found in his bedroom at that time. Defendant has twice been convicted for failing to return to a residential facility, in violation of the Court's order. Defendant was on parole at the time of the incidents which give rise to the instant charges. The combination of drugs and a weapon constitutes a serious danger to the community.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 24, 2008) to the filing of this Ruling (December 2, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 2nd day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA